**Date signed June 30, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                        :
                                              :
BURLEY KEARNEY                                :    Case No. 04-22412PM
                                              :         Chapter 13
            Debtor                            :
- - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

      This bankruptcy case under Chapter 13 was initiated on May 20, 2004, by the filing of a petition, the attorney's Disclosure of Compensation, and the Social Security Number Verification page. Counsel filed no Schedules, did not attend any meeting of creditors, and moved to dismiss the case eight days later. The motion was granted by the court by an Order entered June 4, 2004. At that time, the court issued an Order to counsel to justify the fee charged of $1,650.00.

      With commendable candor, counsel explains that this case was filed solely for the purposes of delaying a foreclosure sale, Debtor having obtained a ratified sales contract with an original closing date of May 28, 2004, and to cause the mortgage company then instituting foreclosure to comply with its duty to supply pertinent information to enable the payoff of its loan out of the sale proceeds. In other words, the court is being asked to ratify fees charged for abuse of the processes of the Bankruptcy Court. At the same time, were the court to credit in full the response of counsel, there is no question that the Debtor and his non-filing spouse benefitted from this abuse of the bankruptcy process.  It is doubtful that the creditors of the Debtor, other than those secured creditors paid off at settlement, received any benefit from this exercise. What then is the remedy for this abuse of process?

The court will order disgorgement of the $1,650.00 said to have been received by counsel as the result of filing this bankruptcy case and direct that it be refunded to the Debtor. If counsel wishes to charge Debtor for the work done in connection with this abuse of the bankruptcy process, he may do so, but only after disgorging the funds received.

An appropriate order will be entered.

cc:
Lawrence F. Regan, Jr., Esq., 17 West Jefferson Street, Rockville, MD 20850
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Burley Kearney, 54 Cross Country Court, Gaithersburg, MD 20879
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**